**PRICE LAW GROUP APC**
David A. Chami, AZ #027585
1204 E. Baseline Rd. Suite 102
Tempe AZ 85283
P: 866-881-2133
F: 866-401-1457
david@pricelawgroup.com
*Attorneys for Plaintiff Esther Talley*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Esther M Talley, | No. |
|---|---|
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATION OF:** |
| vs. | THE FAIR CREDIT REPORTING ACT [15 USC § 1681 et. seq.]; |
| Barclays Bank Delaware; and Equifax Inc. | Hon. |
| Defendants. | |

# INTRODUCTION

1. Plaintiff Esther M Talley (hereinafter "Mrs. Talley" or "Plaintiff"), by counsel, brings this action to secure redress from Barclays Bank Delaware ("Barclays") and Equifax Inc. ("Equifax") (herein collectively as "Defendants") for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq., and their agents for their illegal reporting on Plaintiff's credit report.

# PARTIES

2. Plaintiff is a consumer, a natural person allegedly obligated to pay a debt, and a citizen of the United States of America who presently resides in: Maricopa County, Arizona

3. Defendant, Barclays Bank Delaware is a Banking institution engaged in the business of issuing credit cards with its principal place of business located in Wilmington Delaware and

regularly transacts business throughout the United States and Arizona.  Defendant Barclays engages in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b).  **This Defendant may be served with process through the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington Delaware, 19801.**

4. Defendant, Equifax is a *credit reporting agency*, as defined in 15 USC 1681a(f).  On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties.  **This Defendant may be served with process through the Prentice-Hall Crop System, 2338 W Royal Palm Rd. Phoenix AZ 85021.**

5. On information and belief, Defendant Equifax disburses the *consumer reports* to third parties under contract for monetary compensation.

6. At all relevant times, Defendants acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION

7. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331, 1337.

8. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.  Because Defendants transact business here, personal jurisdiction is established.

## FACTUAL ALLEGATIONS

9. On or about January 26 of 2015, Plaintiff opened up a credit card with Barclays.

10. That very same day, Plaintiff requested that the credit card number ending in 4664 be closed.

11. On or about January 28, 2015, Plaintiff received a letter from Barclays notifying her that her account was closed with a $0 balance.

12. Plaintiff **never** received a credit card from Defendant.

13. Plaintiff has credit score monitoring through her Discover card.

14. On January 20, 2015 Plaintiff's FICO score was a 757 and her Discover card credit limit was $6,500.00.

15. On May 26, 2015 Plaintiff received a letter from Discover notifying her that her credit line was being reduced from $6,500.00 to $900.00 due to among other things, Delinquency activity.

16. Plaintiff immediately contacted Discover to request that her credit line be restored as she had not been delinquent on any accounts.

17. Discover, by letter dated May 29, 2015, responded that they were unable to increase her credit line due to Delinquencies on her credit report.

18. Discover further indicated that Mrs. Talley's credit score had decreased to 640.

19. On or about June 11, 2015 Mrs. Talley received a letter from her Desert Schools Federal Credit Union notifying her that her credit line was being reduced and that her credit score was 587.

20. According to Desert Schools, the reason for the reduction in her credit line was due to Delinquencies on her credit report as well as too many new accounts.

21. Between January of 2015 and July of 2015, Mrs. Talley was not late on any of her accounts.

22. Between January of 2015 and July of 2015, Mrs. Talley had only opened one new account with Barclays, which was closed the very same day.

23. On or about May 26, 2015 Plaintiff contacted Barclays and notified them of the apparent errors in her credit report related to the closed account.

24. On or about May 29, 2015 Barclays sent a letter acknowledging the dispute related to the $431.95 balance reporting on her credit for the closed account ending in 4664, which previously was noted as having a $0 balance.

25. On or about June 3, 2015 Barclays sent Plaintiff a letter regarding an account ending with 6999 and agreeing to delete any late payment history.

26. Other than the card ending in 4664 which was opened and closed on January 26, 2015, Plaintiff has never had a credit card with Barclays Bank.

27. On or about June 1, 2015 Plaintiff disputed the inaccurate credit reporting all three major credit bureaus; Trans Union, Experian and Defendant Equifax.

28. Plaintiff provided the above three bureaus with a copy of the January 28, 2015 letter from Barclays wherein Barclays acknowledged the account was closed with a $0 balance.

29. In response, all three credit bureaus deleted the account from Plaintiff's credit report.

30. However, on or about June 30, 2015, Equifax notified Plaintiff that the Barclays account, with the $431.95 balance, was being put back on her credit; and was in fact put back on her Equifax credit report.

31. Both Trans Union and Experian informed Plaintiff that Defendant Barclays could report the account to them in the future and if so they would place the account back on Plaintiff's credit.

32. Plaintiff spent many hours over many days on the telephone with Defendant's in an effort to correct the inaccurate reporting.

33. Plaintiff suffers from Crohn's disease and the stress related to the reduction in her access to her credit lines along with the significant drop in her credit scores has caused her severe depression and emotional distress.

34. Defendants repeatedly, deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable investigations of the disputes as required by the FCRA.

35. As a result of Defendants' conduct, Plaintiff suffered actual damages and serious financial and pecuniary harm arising from monetary losses related to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone charges, postage, faxing and other related costs.

36. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's detriment and loss.

37. As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's detriment and loss.

38. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the negative entry appearing on Plaintiff's credit report, preventing him from being able to obtain credit.

**FIRST CAUSE OF ACTION**
**All Defendants**
**Violation of the FCRA, 15 U.S.C. § 1681** *et. seq.*

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The FCRA requires a furnisher such as Barclays, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all

relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

41. Barclays acknowledged the closing of Plaintiff's ONLY credit application with a $0 balance on or about January 28, 2015.

42. Upon receiving Plaintiff's disputes both Defendants agreed to correct the inaccurate reporting related to the Barclay "debt."

43. Plaintiff notified Defendant Equifax that its report concerning Defendant Barclays debt was inaccurate and further provided indisputable evidence to that end.

44. Defendant Barclay violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(a), (b):

   (a)   Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   (b)   Willfully and negligently failing to review all relevant information concerning the account;

   (c)   Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

   (d)   Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

   (e)   Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

   (f)   Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to the credit reporting agencies; and

   (g)   Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(a), (b).

45. Defendants conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

A. Statutory, Actual and Punitive damages pursuant to 15 U.S.C. §§ 1681n and 1681o;

B. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

C. For an order enjoining further violations by the Defendants;

D. Any pre-judgment and post judgment interest as may be allowed under the law; and

E. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

DATED this 15th day of July, 2015.

**PRICE LAW GROUP, APC**

*/s/David A. Chami*
DAVID CHAMI, SBA #027585
1204 E. Baseline Rd. Ste. 102
Tempe, AZ 85283
Phone: (866) 881-2133
Fax: (866) 401-1457
E-mail: David@pricelawgroup.com
*Counsel for Plaintiff*
*Esther Talley*